| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 08-7254-JFW (PJWx)**                                              Date:  January 27, 2009

Title:        Charles Tuluenga -v- Gallagher Bassett Services, Inc., et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On June 19, 2008, Plaintiff Charles Tuluenga ("Plaintiff") filed a Complaint against Defendants Gallagher Bassett Services, Inc., and Arthur J. Gallagher Service Co. (collectively, "Defendants") in Los Angeles Superior Court.  On July 15, 2008, Defendants filed a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1441 and 1446.  On July 28, 2008, the Court remanded the action to Los Angeles Superior Court.  On October 31, 2008, Defendants once again removed the action to this Court, alleging in their Notice of Removal Pursuant to 28 U.S.C. §§ 1441 and 1446 ("Notice of Removal) that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   "Federal courts generally use one of two tests to determine a corporation's principal place of business" - the "place of operations test" or the "nerve center test."  *Tosco. v. Communities for a Better Environment,* 236 F.3d 495, 500 (9th Cir. 2001).  In the Ninth Circuit, "where a majority of a

corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state. *The 'nerve center' test'should be used only when no state contains a substantial predominance of the corporation's business activities.*" *Id.* (emphasis in original).

Under the "place of operations test" the Court must examine the corporate entity's total activities, which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business and where it employs persons and conducts its business. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders."). Accordingly, in determining a corporate party's principal place of business, this Court must analyze the location of the majority of the corporation's (1) employees, (2) tangible properties, and (3) production activities, and must ascertain where most of the corporation's (4) income is earned, (5) purchases are made, and (6) sales take place. *Id.* at 1094.

It appeared from the allegations in Defendants' Notice of Removal that Defendants were relying on the "nerve center test" rather than the "place of operations test" in arriving at their allegations regarding their principal places of business. Therefore, on January 6, 2009, the Court issued an Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("OSC"), ordering Defendants to provide a written explanation as to why this Court has subject matter jurisdiction over this action based on the Ninth Circuit's test for determining the principal place of business of a corporation as set forth in *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001). On January 13, 2009, Defendants filed a response to the OSC ("Response").

Defendants' Response to the OSC is insufficient to allow the Court to determine the location of Defendants' principal places of business using the test set forth by the Ninth Circuit in *Tosco*. In identifying their principal places of business, Defendants address only one of the *Tosco* factors under the "place of operations test", which is the number of employees in California and Illinois for each of the Defendants.[1] However, Defendants fail to address the other *Tosco* factors, such as where most of Defendants' income is earned, where most of Defendants' purchases are made, and where most of Defendants' sales take place. Instead, Defendants state only that Defendant Gallagher Basset Services, Inc., processed 565,656 insurance claims last year, with 64,544 claims being processed by employees in Illinois and 64,209 claims being processed by employees in California. No information is given with respect to Defendant Arthur J. Gallagher Service Co.

Defendants have utterly failed to provide sufficient facts and evidence to allow the Court to

---

[1] Defendants state in both their Response and accompanying declarations that Defendant Gallagher Basset Services, Inc., employs a total of 3,245 employees in the United States, with 683 employees in Illinois and 637 employees in California. However, Defendants fail to address in which state or states the remaining 1,925 employees are employed. Defendants also state that Defendant Arthur J. Gallagher Service Co., employs a total of 8,360 employees in the United States, with 1,528 employees in Illinois and 1,376 employees in California. Again, Defendants fail to address in which state or states the remaining 5,456 employees are employed.

determine the location of their principal places of business.  As a result, Defendants' Response to the OSC is inadequate, and warrants remand of this action for lack of subject matter jurisdiction.  Accordingly, this action is **REMANDED** to the Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.

    The Clerk shall serve a copy of this Minute Order on all parties to this action.